# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| BERDINA HAWES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: 2:17-cv-01811-SGC ) |
| JAMES DARRELL BAILEY, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER[1]

The court has before it Plaintiff's motion to remand based on the alleged failure of Defendants James Darrell Bailey ("Bailey") and Carnes Trucking Company, Inc. ("Carnes") to establish the requisite amount in controversy for diversity jurisdiction. (Doc. 6). The motion has been fully briefed and is now under submission. (Docs. 20-22). For the following reasons, the motion is due to be denied.

## I. BACKGROUND

Plaintiff Berdina Hawes initially brought this action in the Circuit Court of Jefferson County, Alabama, against Defendants Bailey, Carnes, and several fictitious defendants. (Doc. 1-1). The complaint relates to a January 30, 2017 motor vehicle accident. (*Id*. at 5-6). The two-vehicle accident involved a 2010

---

[1] The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. 15).

Dodge Charger operated by Hawes and a 2016 Freightliner tractor trailer operated by Bailey and owned by Carnes. (*Id*.). Plaintiff alleges Bailey, while acting within the line and scope of his employment with Carnes, "permitted, allowed or caused" the tractor trailer "to collide with the motor vehicle driven by the Plaintiff, sideswiping the Plaintiff's vehicle, [and] knocking Plaintiff's vehicle off the road into a gutter." (*Id*. at 6).

Plaintiff alleges Defendant Bailey proximately caused the accident through his negligent and/or wanton operation of the tractor trailer. (*Id*. at 5-8). She seeks to impose vicarious liability on Defendant Carnes for Bailey's alleged tortious conduct through claims for *respondeat superior* and agency. (*Id*. at 11-13). Plaintiff also seeks to impose direct liability against Defendant Carnes, alleging it negligently entrusted the commercial vehicle to Bailey when it knew or should have known due to Bailey's "inexperience, and/or history of negligence, that [Bailey] was not capable of responsibly operating the vehicle." (*Id*. at 8-9). Plaintiff further alleges Defendant Carnes negligently investigated, hired, trained, supervised, and/or retained Bailey. (*Id*. at 9-10). Plaintiff seeks to recover an award of unspecified compensatory damages for injuries, bruises and contusions, physical pain, mental anguish, medical treatment, medical expenses, permanent injury, permanent impairment, and "disability to the body as a whole," as well as an award of unspecified punitive damages. (*Id*. at 7-13).

## II. STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction authorized to hear only those cases falling within "one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *PTA-FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016). A defendant may remove an action initially filed in state court to federal court if the action is one over which the federal court has original jurisdiction. 28 U.S.C. § 1441(a). "[A] defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 553 (2014) (quoting 28 U.S.C. § 1446(a)).

Defendants' notice of removal claims this court may exercise diversity jurisdiction over this action. (Doc. 1). Diversity jurisdiction exists if there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a). It is undisputed diversity of citizenship exists. Plaintiff's motion seeks remand because she contends Defendants have failed to establish the requisite amount in controversy.

"Where, as here, the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the

amount in controversy exceeds the jurisdictional requirement." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010) (quotations and citations omitted). In some cases, this burden requires the removing defendant to provide additional evidence demonstrating that removal is proper. *See id*. When this method is used, a removing defendant may rely on its own affidavits, declarations, or other documentation to establish the amount in controversy. *McGee v. Sentinel Offender Servs., LLC*, 719 F.3d 1236, 1241 (11th Cir. 2013) (citing *Pretka*, 608 F.3d at 755). However, "under any manner of proof, the jurisdictional facts that support removal must be judged at the time of the removal, and any post-petition affidavits are allowable only if relevant to that period of time." *Sierminski v. Transouth Financial Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).

If a defendant alleges removability is apparent from the face of the complaint, the court must evaluate whether the complaint itself satisfies the defendant's jurisdictional burden. *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010). The court is not bound by the plaintiff's representations regarding her claim, nor must it assume the plaintiff is in the best position to evaluate the amount of damages sought. *Pretka*, 608 F.3d. at 771 (citations omitted). Eleventh Circuit precedent permits the court to make "reasonable deductions, reasonable inferences, or other reasonable extrapolations" from the pleadings to determine whether it is facially apparent that a case is removable. *Id*.

at 754.  In other words, the court does not need to "suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount."  *Id*. at 770 (quoting *Roe v. Michelin N. Am., Inc*., 637 F. Supp. 2d 995, 999 (M.D. Ala. 2009)).  Instead, the court "may use its judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements."  *Roe,* 613 F.3d at 1062.  That being said, any doubt about the existence of federal jurisdiction "should be resolved in favor of remand to state court."  *City of Vestavia Hills v. Gen. Fid. Ins. Co*., 676 F.3d 1310, 1313 (11th Cir. 2012) (quoting *Univ. of S. Ala. v. Am. Tobacco Co*., 168 F.3d 405, 411 (11th Cir. 1999)).

## III.  DISCUSSION

Defendants contend the amount in controversy exceeds $75,000.  (Doc. 1).  Defendants point to Plaintiff's claim for compensatory damages for injuries, bruises and contusions, physical pain, mental anguish, medical treatment, medical expenses, permanent injury, permanent impairment, and disability to the body as a whole.[2]  (*Id*. at 9-10; Doc. 20 at 6, 8).  Additionally, Defendants highlight Plaintiff seeks an award of punitive damages against both Defendants based upon allegations of wantonness.  (Doc. 1 at 11; Doc. 20 at 8).

---

[2] The court notes Plaintiff specifically excluded any damages for lost wages.  (Doc. 1-1; Doc. 20-1 at 5).

5

The court finds Defendants have established the jurisdictional amount by a preponderance of the evidence. In her initial disclosures, Plaintiff claims she incurred $22,676.96 in medical expenses through September 18, 2017.[3] (Doc. 20-1 at 5). Her medical records collectively demonstrate her alleged injuries had not healed as of her last treatment in September 2017. (*See* Docs. 21-4, 21-6 & 21-7). There is no evidence Plaintiff has reached maximum medical improvement, and Plaintiff reserved the right to supplement her initial disclosures with regard to her medical expenses. (Doc. 20-1 at 5). Additionally, the last treatment records reflect the doctor "discussed the role of surgery" with Plaintiff. (Doc. 21-7).

Plaintiff also alleges damages for "injuries, physical pain and mental anguish," "bruises and contusions to her body," "permanent impairment," and "disability to the body as a whole." (Doc. 1-1 at 7-8). These damages are separate and apart from the $22,676.96 in medical expenses. Plaintiff alleges permanent debilitating physical injuries, along with pain and mental anguish.

Finally, the court would be remiss to overlook Plaintiff's claims for wantonness against both Defendants seeking punitive damages. Although the Supreme Court has been reluctant to establish a concrete constitutional limit on the ratio between harm, or potential harm, to a plaintiff and a punitive damage award,

---

[3] District courts "assessing removal jurisdiction" may consider not only "the facts set out in the complaint and the removal petition" but also any "evidence outside of those filings . . . , including post-removal evidence if that evidence is relevant to the time of removal." *Hogan v. Mason*, 2017 WL 1331052, at *1 (N.D. Ala. April 11, 2017) (citing *Sierminski*, 216 F.3d at 949).

the Court has stated "few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process." *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003). As such, courts look at the ratio between the alleged punitive damages and compensatory damages in determining if the jurisdictional requirements of 28 U.S.C. § 1332(a) are satisfied. *See, e.g., Blackwell v. Great American Financial Resources, Inc.*, 620 F. Supp. 2d 1289, 1290 (N.D. Ala. 2009); *Thomas v. National Legal Professional Associates*, 594 F. Supp. 2d 31, 32-33 (D. D.C. 2009).

Here, the amount of compensatory damages at issue exceeds $22,676.96. An award of punitive damages in an amount of $52,323.05 would be slightly more than double, but far less than triple, the compensatory damages on Plaintiff's medical expenses alone, and Plaintiff's claim for damages, including permanent physical injury, pain, and mental anguish, goes well beyond her medical expenses. Such an award would be "uncontroversially within the limits of the Due Process Clause." *Blackwell*, 620 F. Supp. 2d at 1291. Accordingly, using the court's "judicial experience and common sense," the federal jurisdictional requirements with regard to the amount in controversy are met. *Roe*, 613 F.3d at 1062.

## IV. CONCLUSION

The court finds Defendants have carried their burden of demonstrating the requisite amount in controversy by a preponderance of the evidence. Because

diversity of citizenship is undisputed and the amount in controversy is over $75,000, the court concludes it has diversity jurisdiction over this action. As such, Plaintiff's motion to remand is **DENIED**. (Doc. 6).

**DONE** and **ORDERED** this 31st day of May, 2018.

                                                STACI G. CORNELIUS
                                                U.S. MAGISTRATE JUDGE