# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| BERDINA HAWES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 2:17-cv-01811-SGC |
| ) | |
| JAMES DARRELL BAILEY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION & ORDER[1]

This is a personal injury action arising out of a motor vehicle accident. Before the undersigned is the defendants' motion to dismiss the plaintiff's claims for negligent or wanton entrustment, hiring, training, supervision, and retention pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*. (Doc. 29). The plaintiff agrees these claims are due to be dismissed. (Doc. 31). For the reasons discussed below, the motion is due to be granted, and the plaintiff's claims for negligent or wanton entrustment, hiring, training, supervision, and retention are due to be dismissed with prejudice.

**I. Procedural History**

Berdina Hawes commenced this action against James Darrell Bailey and Carnes Trucking Co., Inc. in the Circuit Court of Jefferson County, Alabama.

---

[1] The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. 15).

(Doc. 1-1). The defendants removed the action to this district court on the basis of diversity jurisdiction. (Doc. 1).[2] Thereafter, the defendants filed a motion to dismiss certain of Hawes' claims, including those for negligent entrustment and negligent hiring, supervision, and retention, on the ground the claims failed to meet the federal pleading standard. (Doc. 5). Hawes essentially conceded the pleading deficiencies. (Doc. 11). The undersigned denied the defendants' motion to dismiss without prejudice and granted Hawes leave to amend her complaint to address the pleading deficiencies identified by the defendants. (Doc. 27).

In her amended complaint, Hawes asserts claims for negligence, wantonness, and agency against Bailey and claims for negligent or wanton entrustment, hiring, training, supervision, and retention, as well as a claim for respondeat superior, against Carnes Trucking. (Doc. 28). The defendants seek dismissal of Hawes' claims for negligent or wanton entrustment, hiring, training, supervision, and retention on the ground these claims fail to meet the federal pleading standard. (Doc. 29). Hawes' agrees these claims are due to be dismissed. (Doc. 31).

## II. Facts

Hawes alleges that on or about January 30, 2017, she was driving a 2010 Dodge Charger northbound in the far right lane of Montgomery Highway,

---

[2] The undersigned denied Hawes' motion to remand. (Doc. 26).

approaching the intersection of Lorna Road and Data Drive in Hoover, Alabama. (Doc. 28 at ¶ 6). Bailey, a truck driver employed by Carnes Trucking, was driving a 2016 Freightliner CA125 (the "tractor-trailer") northbound in the middle lane of Montgomery Highway, approaching the same intersection. (*Id.* at ¶ 6). Bailey made a right turn onto Lorna Road across the right lane, "colliding/sideswiping" Hawes' vehicle in the process and knocking it off the road and into the gutter. (*Id.*). As a result of the accident, Hawes' suffered physical and mental injuries for which she has incurred medical expenses. (*Id.* at ¶ 10).

In support of her negligent and wanton entrustment claim, Hawes alleges Carnes Trucking knew or should have known Bailey was not capable of responsibly operating the tractor-trailer on account of his inexperience and/or history of negligence. (*Id.* at ¶ 18). In support of her negligent and wanton hiring, training, supervision, and retention claim, Hawes alleges Carnes Trucking knew or should have known Bailey was incompetent and/or inclined to be negligent. (*Id.* at ¶ 24).

### III. Legal Standard

Rule 12(b)(6) must be considered against the backdrop of Rule 8(a)(2) of the *Federal Rules of Civil Procedure*. Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the … claim is and the grounds upon which

3

it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Twombly*, 550 U.S. at 555). "[L]abels and conclusions," "a formulaic recitation of the elements of a cause of action," and "naked assertion[s] devoid of further factual enhancement" are insufficient. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557) (internal quotation marks omitted).

To survive a motion to dismiss for failure to state a claim on which relief may be granted brought pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

**IV. Discussion**

Under Alabama law, the torts of negligent or wanton entrustment, hiring, training, supervision, and retention all require a plaintiff to show an employer knew or should have known its employee was incompetent. *Buckentin v. SunTrust Mortg. Corp.*, 928 F. Supp. 2d 1273, 1288 (N.D. Ala. 2013) (citing *Britt v. USA Truck, Inc.*, 2007 WL 455027, *4 (M.D. Ala. 2007) (negligent or wanton entrustment and negligent hiring, supervision, and retention); *Armstrong Bus. Servs. v. AmSouth Bank*, 817 So. 2d 665, 682 (Ala. 2001) (negligent supervision); *Bruck v. Jim Walter Corp.*, 470 So. 2d 1141, 1144 (Ala. 1985) (negligent or wanton entrustment); *Brown v. Vanity Fair Mills, Inc.*, 277 So. 2d 893, 895 (1973) (negligent hiring, retention, and entrustment); *Sanders Shoe Show, Inc.*, 778 So. 2d 820, 824 (Ala. Civ. App. 2000) (negligent or wanton hiring and supervision)). Hawes' amended complaint contains no facts to support her allegations Carnes Trucking knew or should have known Bailey was incompetent, inclined to be negligent, or not capable of responsibly operating the tractor-trailer or her allegation Bailey had a history of negligence. Hawes again essentially concedes as much. (Doc. 31). Hawes has had one opportunity to amend her complaint to address pleading deficiencies with respect to her claims for negligent or wanton entrustment, hiring, training, supervision, and retention. (Doc. 27). Because her amended complaint does not correct these pleading deficiencies, the claims in

question are due to be dismissed pursuant to Rule 12(b)(6). *See Bush v. J.P. Morgan Chase Bank, N.A.*, 2016 WL 324993, at *9 (N.D. Ala. Jan. 27, 2016) (dismissing negligent or wanton training and supervision claims pursuant to Rule 12(b)(6) where amended complaint was devoid of facts regarding what notice employer had of employees alleged incompetency).

**V. Conclusion**

For the foregoing reasons, the defendants' motion to dismiss (Doc. 29) is **GRANTED**, and Hawes' claims for negligent or wanton entrustment, hiring, training, supervision, and retention are dismissed with prejudice pursuant to Rule 12(b)(6).

**DONE** this 3rd day of January, 2019.

_____
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE